IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ERIC S. RAY                                                                                              PETITIONER

      VS.                                  Case No. 5:21-CV-05008-PKH-MEF

MARK GENTRY, Warden,                                                                         RESPONDENTS
Davis Correctional Facility, and
LESLIE RUTLEDGE, Attorney General
for the State of Arkansas

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Eric S. Ray ("Ray"), has on January 12, 2021 filed a *pro se* Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, naming Warden Mark Gentry, Warden of the Davis Correctional Facility in Holdenville, Oklahoma, as the Respondent. (ECF No. 1). On January 26, 2021, the Court noted that the Petition also implicated the State of Arkansas by alleging a violation of the Interstate Agreement on Detainers Act ("IAD") and the Uniform Criminal Extradition Act ("UCEA"), stemming from an alleged detainer from Washington County, Arkansas, and ordered the Respondent, State of Arkansas, to answer or otherwise respond to the Petition within 21 days from the date of service. (ECF No. 6). Summons was returned as executed to Leslie Rutledge, Office of Attorney General, on February 11, 2021. (ECF No. 8).

The Respondent, Leslie Rutledge ("Rutledge"), Attorney General for the State of Arkansas, requested an extension of time to file an answer on February 18, 2021, and the Court granted an extension until March 9, 2021. (ECF Nos. 9-10). Rutledge filed a Motion to Dismiss Petition for Writ of Habeas Corpus for Lack of Jurisdiction on March 9, 2021. (ECF No. 14). Rutledge contemporaneously filed a Memorandum Brief in Support of Motion to Dismiss Petition for Writ

of Habeas Corpus, asserting that Ray received the relief he requests in the Petition when the charges underlying the detainer at issue were dismissed by order of *nolle prosequi* on February 24, 2021, and the Petition is thereby moot. (ECF No. 15, 15-3).

Ray filed a Response in Opposition to the Motion to Dismiss on March 25, 2021, asserting that relief was still possible regarding the detainer at issue under Article V(c) of the Interstate Agreement on Detainers Act, which Ray argued required a dismissal with prejudice of all charges related to the detainer. (ECF No. 16).

The matter is ripe for report and recommendation.

## I. Background

On August 9, 2018, Ray was charged in a Felony Information with one count of failure to appear in Washington County, Arkansas, case number 72CR-18-2470[1] (ECF No. 15-1), and the circuit court issued an Order for Issuance of Arrest Warrant and Summons/Order for Surety to Appear on August 13, 2018 (ECF No. 15-2). On October 23, 2018, the Washington County Sheriff's Office requested Ector County, Texas, Sheriff's Office place a warrant hold on Ray based on the charge in case number 72CR-18-2470 (ECF No. 1, pp. 87-89), and on November 3, 2018, Ray was arrested by the Collin County, Texas, Sheriff's Office (*Id.*, p. 86). On November 16, 2018, Ray appeared in a district court in Collin County, Texas, and refused to waive extradition to Arkansas based on the charge in case number 72CR-18-2470. (*Id.*, pp. 84-85). On December 13, 2018, Ray was transported from the jail in Collin County, Texas (*Id.*, p. 86) and taken into the custody of the McCurtain County, Oklahoma, Sheriff's Office for a pending charge in McCurtain County (*Id.*, pp. 6, 84).

---

[1] This charge for failure to appear was based on underlying charges of robbery, possession of drug paraphernalia, fleeing, and two additional and separate charges of failure to appear. Felony Information at 1, State v. Ray, No. 72CR-18-2470 (Ark. Cir. Ct. Aug. 9, 2018), *dismissed by order of nolle prosequi*, Order at 1, No. 72CR-18-2470 (Ark. Cir. Ct. Feb. 25, 2021).

2

On August 27, 2020, Ray informed the circuit court in Washington County that he was serving a 30-year sentence in the Oklahoma Department of Corrections and requested contact information for the prosecutor in case number 72CR-18-2470 to resolve the pending detainer against him. (ECF No. 1, p. 93). On January 12, 2021, Ray filed the present Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, naming Warden Gentry, his custodian at the Davis Correctional Facility in Holdenville, Oklahoma, as the Respondent. (ECF No. 1). On January 26, 2021, the Court ordered the Respondent, State of Arkansas, to answer or otherwise respond to Ray's Petition as it also implicated the State of Arkansas by allegations stemming from the detainer from Washington County, Arkansas. (ECF No. 6). On February 25, 2021, the circuit court of Washington County entered a *nolle prosequi* order dismissing the charge of failure to appear in case number 72CR-18-2470 as well as all the underlying charges. (ECF No. 15-3). As a result, there is no pending detainer against Ray for any charge in Washington County, Arkansas, and case number 72CR-18-2470 is closed.

On March 9, 2021, Rutledge filed a Motion to Dismiss Petition for Writ of Habeas Corpus for Lack of Jurisdiction, arguing that Ray received the relief he requests in the Petition when the charges underlying the detainer were dismissed by order of *nolle prosequi*, and the Petition should be dismissed as moot. (ECF Nos. 14, 15, 15-3).

## II.    Discussion

The United States Constitution in Article III, § 2 bases the exercise of federal judicial power "upon the existence of a case or controversy." *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974). A case or controversy exists throughout the litigation if a petitioner shows that he has suffered, or is threatened with, an actual injury traceable to the respondent which is likely to be redressed by a favorable judicial decision. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). The court is deprived of its

3

power to grant relief when a petitioner cannot show an existing case or controversy through all the stages of his litigation. *Id*. at 18. A case is considered moot when the issues presented lose their life because of a change in circumstances during litigation and a federal court can no longer grant relief. *See Ali v. Cangemi*, 419 F.3d 722, 723-24 (8th Cir. 2005).

A case might survive the mootness doctrine if a claim is "capable of repetition, yet evading review." *Spencer v. Kemna*, 523 U.S. at 17. This exception, however, only applies when "there is a reasonable expectation that the same complaining party will be subject to the same action again." *Id*. The mere theoretical possibility that the offending event will recur is insufficient to establish the application of this exception to the mootness doctrine. *See Beck v. Mo. State High School Activities Ass'n*, 18 F.3d 604 (8th Cir. 1994). Therefore, when an issue is moot in the Article III sense, a federal court has no discretion and must dismiss the action for lack of jurisdiction unless the petitioner can establish the application of an exception. *See id.*; *Ali v. Cangemi*, 419 F.3d at 724.

Ray's Petition is subject to dismissal for mootness. It is recommended that Rutledge's Motion to Dismiss Petition for Writ of Habeas Corpus for Lack of Jurisdiction (ECF No. 14) be granted, and that Ray's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 1) be dismissed.

Ray's request for habeas corpus relief is founded upon a detainer placed on him by authorities in Washington County, Arkansas, based on a charge of failure to appear in Washington County Circuit Court, case number 72CR-18-2470. (ECF No. 1). A petitioner's writ of habeas corpus challenging a detainer is moot when the detainer at issue is removed. In *Brewer v. Arkansas*, No. 5:09-CV-00302, 2010 WL 129775 (E.D. Ark. Jan. 11, 2010), the court considered the petitioner's writ of habeas corpus challenging a detainer lodged against him by a state court in

Mississippi. The respondent moved to dismiss the petition as moot because the petitioner had already been transferred to Mississippi and the detainer was no longer pending. Though the petitioner asserted that he was entitled to dismissal of the charge against him with prejudice and requested the court enter an order dismissing the state's detainer with prejudice, the court found his claims regarding the detainer moot. The court reasoned that there was no case or controversy to resolve as even a ruling in the petitioner's favor would have no effect. Similarly, in *Poulton v. Sanders*, No. 2:05-CV-00041, 2007 WL 141127 (E.D. Ark. January 16, 2007), the court found a petitioner's challenge to a detainer moot when the petitioner was released from custody, not transferred pursuant to the detainer, and the challenged detainer was apparently removed. Both *Brewer* and *Poulton* cite *Beachem v. Schriro*, 141 F.3d 1292, 1293-94 (8th Cir. 1998), which held that a challenge to a detainer becomes moot once the detainer is removed.

Ray's writ of habeas corpus challenging the Washington County detainer is moot because the detainer has been removed. Ray was never transferred to Washington County pursuant to the challenged detainer. All charges pending against him supporting the detainer were dismissed by order of *nolle prosequi* on February 25, 2021. (ECF 15-3). There is no longer a detainer and no existing case or controversy regarding the detainer. A ruling in Ray's favor at this point would have no effect.

In his response to the motion to dismiss, Ray asserts that the charges underlying the detainer should have been dismissed with prejudice pursuant to Article V(c) of the IAD. (ECF No. 16, p. 2). Ark. Code Ann. § 16-95-101, Art. V(c), provides:

> If the appropriate authority shall refuse or fail to accept temporary custody of said person, or in the event that an action on the indictment, information, or complaint on the basis of which the detainer has been lodged is not brought to trial within the period provided in Article III or Article IV, the appropriate court of the jurisdiction where the indictment, information, or complaint has been pending shall enter an order dismissing the same with prejudice, and any detainer thereon shall cease to

5

be of any force or effect.

Here, however, Ray objected to extradition to Arkansas and made no formal request for final disposition of his pending charges in Washington County under Article III of the IAD. His case in Washington County did not progress beyond lodging the detainer. No written request for Ray's temporary custody was made by the court in Washington County under Article IV of the IAD. The underlying charges were subsequently dismissed by order of *nolle prosequi* and the detainer removed. Ray's reliance on Article V(c) is therefore misplaced. Further, there are no collateral consequences presumed from the removed detainer, and none have been demonstrated by Ray.

Though it is true that the order of *nolle prosequi* does not bar a subsequent prosecution on the same charges, *see Branning v. State*, 371 Ark. 433, 436 (2007) (a *nolle prosequi* is a dismissal of a prosecution without prejudice to refile), this possibility does not support application of the "capable of repetition, but evading review" exception to the mootness doctrine. *Spencer*, 523 U.S. at 17. Ray alleges that Washington County has "refiled the detainers" multiple times in his case (ECF No. 16, p. 2), however, there is no evidence in the record supporting this statement. There is no reasonable expectation that Ray will face this same situation again or that, if he does, he will be unable to seek relief. The mere theoretical possibility of renewed charges against Ray is not enough to sustain this habeas claim against the mootness doctrine.

Pursuant to Article III, § 2 of the Constitution, this Court cannot exercise judicial power where no case or controversy exists. Accordingly, Ray's Petition in this federal habeas corpus proceeding should be dismissed as moot.

### III. Conclusion

For the reasons and upon the authorities discussed above, it is recommended that

Rutledge's Motion to Dismiss Petition for Writ of Habeas Corpus (ECF No. 14) be **GRANTED** and Ray's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE**.

It is also recommended that Ray's Motion for Appointment of Counsel (ECF No. 13) be DENIED as MOOT.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 8th day of April 2021.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE