UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ERIC RAY                                                                                                         PETITIONER

v.                                              No. 5:21-CV-05008

LESLIE RUTLEDGE and
WARDEN GENTRY                                                                                     RESPONDENTS

## ORDER

On April 8, 2021, United States Magistrate Judge Mark E. Ford entered a report and recommendations (Doc. 17) recommending denial of the petition for a writ of habeas corpus and dismissal of this case. The objections deadline was set for April 26, 2021. No objections were filed on the docket, and after careful review the Court adopted the report and recommendations, denied the petition, and dismissed this case on April 27, 2021.

On May 3, 2021, the Clerk's office received Petitioner's objections (Doc. 20). The objections were dated April 26. (Doc. 20, p. 1). The envelope, however, was not postmarked by the United States Postal Service in Oklahoma City until April 29, 2021. (Doc. 20, p. 2). Petitioner is currently imprisoned in the Davis Correctional Facility in Holdenville, Oklahoma—a town well outside of the Oklahoma City metropolitan area. For reasons unknown to the Court, that facility does not appear to have a practice of marking inmate mail on the date it is received despite decades of federal courts utilizing the "prison mailbox rule" to determine when a pro se habeas petitioner's documents are filed. *See, e.g.*, *Houston v. Lack*, 487 U.S. 266 (1988) ("[T]he *pro se* prisoner has no choice but to entrust the forwarding of his notice of appeal to prison authorities whom he cannot control or supervise and who may have every incentive to delay."). Presumably, however, Petitioner's mail must have been deposited with prison officials sufficiently in advance of May 3 for mail to travel from the Davis Correctional Facility to an Oklahoma City post office.

Accordingly, the Court will consider Petitioner's objections as timely-filed.

The Court has now reviewed the report and recommendations de novo in light of Petitioner's objections.  28 U.S.C. § 636(b)(1)(C).  Petitioner objects that he was not appointed counsel and that he is entitled to relief under the Interstate Agreement on Detainers Act.  As the Magistrate Judge correctly reasoned, Petitioner's detainer challenge has been mooted because the Washington County, Arkansas, detainer was removed following the dismissal of its supporting charges.  Because there is no constitutional or statutory right to appointed counsel in a civil case, and because this case is moot, Petitioner's request for appointed counsel has also properly been rejected as moot.  *Cf. Crozier v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 889 (8th Cir. 2020) (clarifying courts may consider merits of claim in addition to factual complexity of issues and legal arguments, ability of indigent litigant to investigate facts and present claims, and the existence of conflicting testimony).

IT IS THEREFORE ORDERED that the order (Doc. 18) adopting the report and recommendations and the subsequent judgment (Doc. 19) are VACATED.

IT IS FURTHER ORDERED that the report and recommendations (Doc. 17) remains ADOPTED IN ITS ENTIRETY.  The petition for a writ of habeas corpus (Doc. 1) is DISMISSED WITHOUT PREJUDICE and the motion for appointment of counsel (Doc. 13) is MOOT.  Judgment will be entered accordingly.  No certificate of appealability shall issue.

IT IS SO ORDERED this 4th day of May, 2021.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE